IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAFAEL LOPEZ,

        Plaintiff,                      No. CIV S-09-3089 MCE CKD

     vs.

DAVE DAVEY, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action to 42 U.S.C. § 1983 in 2009.  The complaint alleges that defendants violated plaintiff's Eighth Amendment rights by confining him to a holding cell without restroom breaks, drinking water, or food for approximately 24 hours in December 2008.  (Dkt. No. 1 at 4, 7.) Pending before the court is defendants' motion for summary judgment, so far unopposed.  (Dkt. No. 36, 37.)  Prior to ruling on that motion, the court will address plaintiff's June 20, 2011 motion for transfer, in which plaintiff seeks a transfer to a different prison because defendants Davey and Robertson are allegedly endangering plaintiff's life in retaliation for filing this action. (Dkt. No. 31.)

        Plaintiff asserts that, on June 16, 2011, he went before the Institutional Classification Committee (ICC) in the Administrative Segregation Unit (ASU) in Facility D at High Desert State Prison.  He alleges that defendant Davey was a member of the ICC and

1

threatened, in retaliation for this lawsuit, to house plaintiff with gang member inmates who would beat him. Plaintiff further alleges that he has been beaten by three inmates on the order of defendants Davey and Robertson and fears for his life at High Desert State Prison. (Dkt. No. 31 at 1-2.)

On June 22, 2011, the magistrate judge previously assigned to this case ordered defendants to respond to the motion for transfer. Defendants filed an opposition to the motion on June 29, 2011. (Dkt. No. 33.) Defendants assert that defendant Davey is a regular member of the ICC, but was not personally involved in the decision to place plaintiff in the ASU on June 6, 2011. In a signed declaration, defendant Davey denies discussing this lawsuit at the June 16, ICC hearing, making threats to Lopez regarding his safety, or knowing of any other staff member threatening Lopez's safety. (Dkt. No. 34 at 2-3.) Defendants assert that plaintiff was placed in ASU on June 6, 2011 for assaulting another inmate, and had previously been charged with battering an inmate in May 2011. (Dkt. No. 33 at 2.) Neither of these inmates were in the ASU with plaintiff in June 2011, and "HDSP custody staff, including Davey, have taken appropriate steps to ensure that he is not housed with these inmates who may threaten him." (Id. at 3, 5.) In sum, defendants claim there is no reason to believe that plaintiff is in any danger or requires a transfer for his safety. (Id. at 3.) They further assert that plaintiff has not shown a likelihood of success on the merits as required for preliminary injunctive relief. (Id. at 6.)

Plaintiff's motion for a court-ordered transfer is a request for injunctive relief. The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the

test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

Here, the court concludes that plaintiff has not shown a significant threat of irreparable injury due to defendants' retaliation for filing this action. Rather, it appears that his physical altercations with other inmates in May and June 2011 were not related to this lawsuit or instigated by defendants. The court takes at face value defendant Davey's sworn declaration that he never threatened plaintiff and is unaware of any other staff member threatening plaintiff in retaliation for this action. Similarly, the court accepts defendants' assertions that plaintiff was placed in ASU, apart from those inmates with whom he had fought, for his own safety, among other reasons.

Moreover, plaintiff has not shown a likelihood of success on the merits of his retaliation claim, which is not the subject of this lawsuit and supported only by plaintiff's conclusory allegations in his motion for transfer. Should plaintiff wish to pursue a First Amendment retaliation claim in a separate action under section 1983, he is advised that he must first exhaust administrative remedies pursuant to 42 U.S.C. § 1997(a). See Porter v. Nussle, 534 U.S. 516, 532 (2002) (the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.") If administrative remedies have not been exhausted for a claim challenging prison conditions pursuant to section 1983, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).

////
////
////
////
////

1       In accordance with the above, IT IS HEREBY ORDERED that plaintiff's June 20, 2011 motion for transfer (Dkt. No. 31) is denied.

Dated: October 14, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
lope3089.ord